# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| ALLEN R. BLEVINS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     No. 6:11-CV-3241-DGK |
| | ) |
| CORPORATE BUSINESS SYSTEMS INC., | ) |
| | ) |
|     Defendant. | ) |

## ORDER DENYING DISMISSAL WITH PREJUDICE

This case arises from Plaintiff Allen Blevins' ("Plaintiff's") employment as a field service technician ("FST") with Defendant Corporate Business Systems, Inc. ("CBS"). Following CBS's termination of Plaintiff, Plaintiff filed suit against CBS alleging that CBS (1) failed to pay Plaintiff overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 (Count I); (2) fired Plaintiff for raising FLSA complaints to CBS in violation of the FLSA anti-retaliation provision, 29 U.S.C. § 215(a)(3) (Count II); and (3) refused to pay Plaintiff his final wages in violation of Missouri Revised Statute § 290.110 (Count III). Defendants deny these allegations.

After reaching a settlement agreement, the parties recently filed a "Joint Stipulation" (Doc. 175) in which Plaintiff and Defendant moved to dismiss their claims with prejudice pursuant to Rule 41(a)(1)(A)(ii).

Rule 41(a)(1)(A) provides that "Subject to . . . any *applicable federal statute*, the plaintiff may dismiss an action without a court order by filing . . . (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1) (emphasis added). In order for the dismissal of an FLSA claim to have a res judicata effect (that is, for the case to be dismissed with

prejudice), the district court must approve any settlement or dismissal. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1235-377 (M.D. Fla. 2010).

Congress enacted the FLSA to protect workers from substandard wages and oppressive working hours. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory" and not subject to negotiation. *Id.* Concerned that settlements made by employees releasing their right to unpaid wages and liquidated damages were not the product of negotiation between equals and did not arise from bona fide disputes, the Supreme Court and federal courts of appeal have restricted litigants' ability to settle FLSA disputes without court approval. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946) (invalidating settlement agreement in which employees compromised to settle their bona fide dispute concerning coverage under the FLSA); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945) (holding the same policies which prohibited waiver of claims for minimum wages or overtime pay forbade waiver of right to liquidated damages); *Lynn's Food Stores, Inc.*, 679 F.2d at 1355 (holding settlement which was not approved by the district court violated the FLSA).

The Eighth Circuit Court of Appeals has recognized that "[i]t is well established that FLSA rights are statutory and cannot be waived." *Copeland v. Abb, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008). Where, as here, "an employee brings suit directly against a private employer pursuant to § 216(b) of the [FLSA]," the district court must enter a stipulated judgment in order for any settlement or dismissal to have a res judicata effect. *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353).

The Eighth Circuit is not an outlier in so holding. Other circuits refuse to enforce a private bargain waiving a private employee's FLSA rights. *See, e.g., Taylor v. Progress Energy,*

*Inc.*, 493 F.3d 454, 460 (4th Cir. 2007) (noting in dicta that "[u]nder the FLSA, . . . there is a judicial prohibition against the unsupervised waiver or settlement of claims.").

There are good reasons for requiring judicial oversight of private settlements of FLSA claims. Private FLSA settlements are often negotiated with confidentiality provisions that aim to prevent other employees whose FLSA rights may have been violated from learning of the settlement and seeking the same relief. *Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 374-75 (E.D.N.Y. 2013); *Dees*, 706 F. Supp. 2d at 1237, 1240. Of course, whether the Court or the parties agree with Congress's decision to make FLSA claims non-waivable is immaterial. The law of the land is that FLSA claims are not waivable. *Yue Zhou v. Wang's Restaurant*, No. C 05-0279 PVT, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8, 2007). Accordingly, the Court holds it cannot dismiss any of the Plaintiff's claims with prejudice unless it reviews the proposed settlement.

The parties' "Joint Stipulation" seeking dismissal with prejudice (Doc. 175) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: January 9, 2014                     /s/ Greg Kays
                                                            GREG KAYS, CHIEF JUDGE
                                                            UNITED STATES DISTRICT COURT